Cushing, J.
This is an action in partition. It appears from the record that two minors were not made parties defendant, nor served with summons. The guardians of the minors were made parties and filed answers. The question is, as to whether or not the minors should be made parties defendant. The decree for partition does not find that the minors were parties, nor served with summons. Can a court pass a good title to the real estate in question ?
. The court can not take title to real estate. It can transfer the title to property of parties before it. Titles to real estate are never suspended. On the decease of an owner the title vests in the devisees or heirs at law.
“A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.” Section 11279, General Code.
“The court may determine any controversy between parties before it, when it can be done without prejudice to the rights .of others, or by saving their rights. When such determination can not be had without the- presence of other parties, the court may order them brought in or dismiss the action without prejudice.” Section 11262, General Code.
This section means that if the necessary parties do not appear in the caption of the petition as having been made parties to the action and served with summons, the court may order them •made parties and served. If this is not done it is the duty of the court to dismiss the action.
Counsel for plaintiff relies on the following section of. the statute to maintain his contention:
“The guardian of a minor, idiot, imbecile or insane person on behalf of his ward may do and perform any act, matter- or *118 thing respecting the partition of an estate which said ward could do under this chapter if he were of age and of sound mind. On behalf of such ward he may elect to take the estate, when it can be determined without injury, and make payment therefor on his behalf.” Section 12044, General Code.
In support of his contention, counsel for plaintiff cites the case of Foddy v. Miller, 10 N.P.(N.S.), 76, holding that the filing of an amended answer and cross-petition by the guardian of an imbecile is a legal and sufficient entry of appearance of such imbecile in a partition proceeding.
While I respect the opinion of the court in the Foddy case, I am not willing to follow it. I am of the opinion that the section of the statute here referred to does not dispense with the necessity of bringing all the parties to an action before the court. If there was a defect in the service of summons or in the advertisement, and after such incapacitated person was made parby and his guardian by proper pleading brought him before the court, it seems to me that that would be sufficient.
In view of the section of the statute requiring the filing of a suit, the issuing and service of summons and the making of the necessary parties to the action, setting out their names in the caption, it seems to me that the provisions of the statute and the decisions of the Supreme Court in Ohio do not warrant the conclusion reached in the Foddy case.
An infant can not be deprived of his property, or of his day in court without strict compliance with the statute.
‘ "In an action against an infant, his defense must be by guardian for the suit, who may be appointed by the court in which it is being prosecuted, or by a judge thereof, or by the Probate Court.” Section 11252, General Code.
In view of this section of the statute, Section 12044, supra, was not intended by the Legislature to authorize parties to an action to sue the guardians and not make the minor a party.
Section 11252 is mandatory. Therefore an action may not be instituted against an infant or other incapacitated person without those persons being made parties to the action. If Section *119 12044 is in conflict with Section 11252 then the latter section must prevail, as it is a special act with reference to minors. I do not find, however, that they are in conflict. Section 12044 does not dispense with the making of all necessary parties to an action, it merely provides what may be done after other sections of the statute have been complied with, and the parties are before the court.
This view is announced in the case of Murr v. Mwrr, 17 O. D. (N. P.), 757:
“The appointment of a guardian ad litem, in a partition proceeding is not a mere form. It is his duty to bring the rights of the ward under consideration of the court for decision, and to investigate the value of the property” before one of the parties is permitted to take it at its appraised value.”
Courts are jealous in their care for the rights of minors, and the Supreme Court in passing on this question does not make an exception such as counsel for plaintiff here seeks to have announced in this case.
“The guardian of a minor has no authority to waive the issuing and service of summons upon his ward in an action affecting the ward’s rights, nor to dispense with the appointment of a guardian ad litem, unless authorized to do so by statute; a judgment against a minor in an action wherein he did not have his day in court may be reversed upon petition in error filed by him within the statutory tune after reaching the age of majority. Such judgment, though void in legal effect, may be a cloud upon h'is title or rights, and he has the right to remove such cloud by a reversal of the judgment.” Roberts v. Roberts, 61 O. S., 96.
The part of this decision to which I desire to call attention is:
“Nor to dispense with the appointment of a guardian ad litem unless authorized so to do by statute. ’ ’
Section 12044 does not dispense with the necessity of appointing a guardian ad litem as is required by Section 11279, General Code. It does not authorize a minor’s rights to be determined without he is made a party to the action. Therefore, the conclusion .is that Section 12044 authorizes the guardian to do cer *120 tain acts after the necessary legal steps have been taken to make the minor a party defendant.
Without all parties before it, the court could not pass title to real estate. In this instance, neither of the minors were made parties defendant, nor served with summons; therefore they were not properly before the court, and the action to compel the purchaser of the property to take same can not be enforced until all the parties interested in the real estate are made parties defendant and.are before the court.
While there is nothing in the statute requiring it, I am of the opinion that all parties to an action should be set out in the caption, and where a decree is to affect their rights their names should appear in the caption to the decree. The practice of making “John Smith and others” parties in either a petition or a decree, is bad.
An entry may be drawn accordingly.